UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHOENIX GLOBAL APPAREL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4696-B |
| | § | |
| JACK W. RUSSELL and | § | |
| CHARLENE RUSSELL, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Jack W. Russell and Charlene Russell's Motion for Leave to File Defendants Jack W. Russell and Charlene Russell's First Amended Answer, Original Counter Complaint and Third-Party Complaint (doc. 19). For the reasons stated below, Defendants' Motion is **GRANTED**.

### I.
### BACKGROUND

On or about October 15, 2011, Bank of the Lakes, N.A. made a loan to IQ Apparel, LLC, which was evidenced by a promissory note (the "Note") and loan agreement (the "Loan Agreement"). Orig. Compl. 3. On or about that same day, Defendants Charles G. Mansfield, Jill L. Mansfield, Jack W. Russell, and Charlene Russell each executed unconditional guaranties (the "Guaranties"), guaranteeing full and punctual payment of all of the indebtedness on the Note and performance of all of IQ Apparel, LLC's obligations to Bank of the Lakes. *Id.* at 3–4. On October 9, 2012, IQ Apparel, LLC filed for relief under Chapter 11 of title 11 of the United States

Bankruptcy Code. *Id.* at 4. As of that date, IQ Apparel, LLC was in default of its loan obligations. *Id.* at 4. On January 8, 2013, Bank of the Lakes assigned all of its rights under the loan and Guaranties to Plaintiff Phoenix Global Apparel, LLC. *Id.* On November 26, 2013, Plaintiff Phoenix Global Apparel, LLC ("Phoenix") filed suit on the Guarantees against Defendants Charles G. Mansfield, Jill J. Mansfield, Jack W. Russell, and Charlene Russell. *Id.*

On December 30, 2013, Defendants Jack W. Russell and Charlene Russell filed their Original Answer. Doc. 9. On January 6, 2014, Defendants Charles G. Mansfield and Jill L. Mansfield filed their Answers. Docs. 12, 13. Since that time, Plaintiff has filed agreed judgments to dismiss the claims against Defendants Charles G. Mansfield and Jill L. Mansfield. Docs. 22, 24. Accordingly, the claims against these parties have been dismissed. Docs. 25, 26. However, the claims against Defendants Jack W. Russell and Charlene Russell remain.

On May 16, 2014, within the Court's deadline to amend, Jack W. Russell and Charlene Russell filed their present Motion for Leave to File Defendants Jack W. Russell and Charlene Russell's First Amended Answer, Original Counter Complaint and Third-Party Complaint. Docs. 17, 19. The Motion's Certificate of Conference, filed separately, indicates Plaintiff's counsel would not indicate whether the Motion was opposed. Doc. 19. Accordingly, the Court presumed the Motion was opposed and waited twenty-one days for Plaintiff to file a response. L.R. 7.1(b)(3). More than twenty-one days have passed, and Plaintiff has yet to file any objection. The Court now considers Defendants' Motion below.

## II.

## LEGAL STANDARD

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within

the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1971). Leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, granting leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Inline Corp. v. Tricon Restaurants Int'l*, No. 3:00–CV–0990, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002)(citing *Wimm*, 3 F.3d at 139). "When, as here, a party files a motion to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Id.* (quoting *Poly-America, Inc. v. Serrot Int'l Inc.*, No. 3:00–CV–1457, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002)).

## III.

## ANALYSIS

In their Motion, Defendants request leave to amend their answer to add counterclaims against Plaintiff and to add third-party claims against Luther Brown (Plaintiff's sole member), nVision Global Supply Chain Services, LLC, and IQ Apparel, LLC. Defs.' Mot. 2. Defendants allege that since filing their Original Answer they have discovered facts which give reason for them to have causes of action against Plaintiff and the above-named third-parties. *Id.* In addition, Defendants claim they have discovered evidence that shows they are entitled to offset any amounts owed under their guaranties for assets, inventory, and revenue transferred from IQ Apparel, LLC. *Id.* As stated above, Plaintiff has offered no response to these allegations.

After reviewing Defendants' Motion and the relevant law, the Court is of the opinion that leave to amend should be granted. There is no indication that Defendants have engaged in undue

delay. Indeed, the Court has already noted that this Motion was filed within the Scheduling Order's deadline to amend. There is also nothing to suggest bad faith or a dilatory motive on Defendants' part. Finally, the Court is unaware of any reason why allowing Defendants to amend their answer as requested would result in undue prejudice or would somehow be futile. To the extent the Court is mistaken or Plaintiff disagrees, Plaintiff has failed to provide an explanation why. In sum, the Court can find no reason why leave should be denied. It therefore concludes that Defendants' Motion should be granted.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED**. Defendants are instructed to file their First Amended Answer, Original Counter Complaint and Third-Party Complaint with the Court.

**SO ORDERED.**

**SIGNED:** July 3, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE